IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | Cr. No. 16-00746 JMS (06) |
|---|---|
| Plaintiff-Respondent, | Civ. No. 19-00420 JMS-WRP |
| vs. | ORDER: (1) DISMISSING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY; AND (2) DENYING A CERTIFICATE OF APPEALABILITY |
| JUNE GIBSON (06), | |
| Defendant-Petitioner. | |

**ORDER: (1) DISMISSING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY; AND (2) DENYING A CERTIFICATE OF APPEALABILITY**

## I. INTRODUCTION

Currently before the court is Petitioner June Gibson's ("Gibson") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "Petition"). For the reasons discussed below, the court DISMISSES the Petition as untimely and DENIES a Certificate of Appealability.

## II. BACKGROUND

On March 8, 2018, Petitioner June Gibson ("Gibson") pled guilty to two counts of drug trafficking in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and

(b)(1)(C) and 18 U.S.C. § 2. ECF No. 348.[1] On June 28, 2018, the court sentenced Gibson to two concurrent 120-month terms of incarceration and two concurrent eight-year terms of supervised release. ECF No. 447. Judgment was entered on June 29, 2018. ECF No. 453. An Amended Judgment, correcting a clerical error pursuant to Federal Rule of Criminal Procedure 36,[2] was entered on September 10, 2018. ECF No. 474. Gibson did not appeal her conviction or sentence. On August 2, 2019, Gibson mailed the instant Petition for filing. ECF No. 485.[3]

Because the Petition appeared time-barred, on August 8, 2019, the court issued an Order to Show Cause ("OSC") directing Gibson to "SHOW CAUSE, by September 6, 2019, why the Petition should not be dismissed as barred by § 2255(f)'s one-year statute of limitations."[4] OSC, ECF No. 486 at PageID

---

[1] All ECF references are to documents filed in Cr. No. 16-00746 JMS (06).

[2] The original Judgment incorrectly stated that "Counts 31-37" of the Indictment were dismissed. ECF No. 453. That Judgment was amended to state that "Counts 17 through 31," not Counts 31-37, of the Indictment were dismissed. ECF No. 474.

[3] The Petition is deemed filed on the date Gibson gave it to prison officials for filing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (explaining prison mailbox rule); *Douglas v. Noelle*, 567 F.3d 1103, 1108-09 (9th Cir. 2009); *see also* ECF No. 485-1 (envelope).

[4] Although the court may raise a statute of limitations issue sua sponte, it may not dismiss a petition without first giving the movant notice that the motion is subject to dismissal as untimely and an opportunity to respond. *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001); *see also Day v. McDonough*, 547 U.S. 198, 209 (2006).

#2424.  Gibson mailed her Response on August 27, 2019.  For the reasons set forth below, the court determines that the Petition is time-barred.

### III.  ANALYSIS

A one-year statute of limitations applies to § 2255 motions, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

**A.  Section 2255(f)(1)**

Gibson contends that under § 2255(f)(1), her Petition is timely, arguing that a judgment does not become final until "the Supreme Court affirms a conviction on the merits on direct review or denies a petition for a Writ of Certiorari, or when the time for filing a Certiorari expires."  Response, ECF No.

488 at PageID #2426 (citing *Clay v. United States*, 537 U.S. 522, 532 (2003)) (other citations and internal brackets omitted). Gibson appears to argue that the limitations period did not start to run until the expiration of the 90-day period within which she could have filed a writ of certiorari to the Supreme Court. But the limitations period is only delayed by the time to file a writ of certiorari to the Supreme Court if a defendant filed a direct appeal to the Court of Appeals. *See United States v. Gilbert*, 807 F.3d 1197, 1199 (9th Cir. 2015) (citing *Clay*, 537 U.S. at 532) (other citation omitted); *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004). That is, if a defendant "does not pursue a direct appeal to the Court of Appeals, the conviction becomes final when the time for filing a direct appeal expires." *Gilbert*, 807 F.3d at 1199 (citing *United States v. Schwartz*, 274 F.3d 1220, 1223 & n.1 (9th Cir. 2001)); *see Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011); *Moshier v. United States,* 402 F.3d 116, 118 (2d Cir. 2005); *Sanchez-Castellano*, 358 F.3d at 427.

Because Gibson did not file a direct appeal, her judgment became final the day following the last day on which a notice of appeal to the Ninth Circuit could have been filed. *See United States v. Colvin*, 204 F.3d 1221, 1224 (9th Cir. 2000) ("[A] judgment cannot be considered final as long as a defendant may appeal either the conviction or sentence."). The deadline for filing a notice of appeal was within 14 days of the court's entry of judgment on June 29, 2018. *See*

Fed. R. App. Proc. 4(b)(1)(A) & 26(a). Therefore, Gibson had through July 13, 2018 to file the notice and the judgment became final on July 16, 2018.[5] Gibson filed her Petition on August 2, 2019—nearly three weeks past the one-year deadline outlined in § 2255(f)(1).

Further, entry of the Amended Judgment on September 10, 2018 did not restart the § 2255(f) limitation period because the Judgment was amended solely to correct a clerical error and could not form the basis for an appeal. *See United States v. Gilbert*, 807 F.3d 1197, 1201 (9th Cir. 2015); *Colvin*, 204 F.3d at 1224; *United States v. LaFromboise*, 427 F.3d 680, 685 n.7 (9th Cir. 2005); *see also United States v. Dodson*, 291 F.3d 268, 275 (4th Cir. 2002); *United States v. Prado-Diaz*, 434 F. App'x 763, 764 (10th Cir. 2011) (unpublished); *United States v. Claros-Guzman*, 2017 WL 3149582, at *2 (S.D. Ca. July 25, 2017); *cf. Richardson v. Gramley*, 998 F.2d 463, 465 (7th Cir. 1993).

**B.    Section 2255(f)(3)**

Gibson next contends that her Petition is timely under § 2255(f)(3) because *Garza v. Idaho*, 139 S. Ct. 738 (2019), set forth new law that is applied

---

[5] Because the day after July 13, 2018 was a Saturday, pursuant to Federal Rule of Appellate Procedure 26(a)(1), Gibson's judgment became final on the next business day, which was July 16, 2018.

retroactively. *See* Response, ECF No. 488 at PageID #2426. But Gibson's reliance on *Garza* is misplaced.

*Garza* applied a right previously recognized in *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000)—that prejudice is presumed when a criminal defendant's counsel fails to file an appeal that the defendant would have otherwise pursued—to a case where the defendant signed an appeal waiver. *Garza*, 139 S. Ct. at 749. That is, contrary to Gibson's assertion, *Garza* "did not announce a new rule of constitutional law, as it simply extended *Flores-Ortega's* holding to cases in which the defendant has executed an appeal waiver." *In re Sanchez*, 2019 U.S. App. LEXIS 13242, *4 (11th Cir. May 1, 2019).[6]

Moreover, even if *Garza* had announced a new rule of constitutional law, "the Supreme Court has not expressly made it retroactively applicable, nor has the Court . . . done so through a combination of cases that necessarily dictate retroactivity." *Id.*; *see also United States v. Garcia*, 2019 WL 4468082, at *3 (D. Minn. Sept. 19, 2019) ("Petitioner's claim . . . is not based on an alleged new right

---

[6] Moreover, as this court explained previously, the Ninth Circuit was already applying *Flores-Ortega's* presumption of prejudice to cases in which the defendant signed an appeal waiver. *See* OSC, ECF No. 486 at PageID #2422 (citing *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1197-98 (2005) (holding that when counsel fails to follow a defendant's instructions to file a notice of appeal, even in the face of an appeal waiver, there is both deficient performance and prejudice) and *Aruda v. United States*, 2017 WL 1737719, at *9 (D. Haw. May 3, 2017) (citing *Sandoval-Lopez*, 409 F.3d at 1197)).

6

recognized in the *Garza* decision that is made retroactive on collateral review. Instead, such claim is based on . . . [*Flores-Ortega*] . . . [t]hus, Petitioner cannot rely on subsection (f)(3) to claim his petition is timely."); *United States v. McGee*, 2019 WL 4248887, at *2 (E.D. Ky. Sept. 6, 2019) (same); *Macklin v. Dowling*, 2019 WL 4727070, at *3 (W.D. Okla. Aug. 30, 2019) (same).

In sum, none of the bases Gibson asserts in her Response applies to render her Petition timely. And as this court set forth previously, neither §§ 2255(f)(2) or (4) nor the doctrine of equitable tolling apply under the circumstances presented. *See* OSC, ECF No. 486 at PageID # 2422-23. Thus, Gibson failed to meet her burden to show that the instant Petition is timely.

## IV. <u>CERTIFICATE OF APPEALABILITY</u>

In dismissing the Petition, the court must also address whether Gibson should be granted a certificate of appealability ("COA"). *See* R. 11 Governing § 2255 Cases in the U.S. Dist. Cts. (providing that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

"The standard for a certificate of appealability is lenient." *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc). The petitioner is required to demonstrate only "that reasonable jurists could debate the district court's

resolution or that the issues are adequate to deserve encouragement to proceed further." *Id*. (citation and internal quotation marks omitted). The standard "requires something more than the absence of frivolity but something less than a merits determination." *Id*. (internal quotation marks omitted).

The court carefully reviewed whether Gibson's claims are timely, outlined the statute of limitations for her, and provided an opportunity for Gibson to explain why her Petition is timely. Based on the above analysis, and consideration of the allegations in Gibson's Petition and Response, the court finds that reasonable jurists could not find the court's rulings debatable. *Id.* Accordingly, a COA is DENIED.

## V. CONCLUSION

Based on the foregoing, the Petition is DISMISSED as time-barred and a COA is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 16, 2019.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Gibson*, Cr. No. 16-00746 JMS (06), Civ. No. 19-00420 JMS-, Order: (1) Dismissing Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody; and (2) Denying a Certificate of Appealability